IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3136-D

| | |
|---|---|
| LARRY RAY EAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TRACY JOHNS et al., | ) |
| | ) |
| Defendants. | ) |

On July 26, 2010, Larry Ray Eames ("Eames" or "plaintiff"), a federal inmate incarcerated at the Federal Correctional Institution-Low in Butner, North Carolina ("FCC Butner" or "Butner"), filed this action pro se, seeking relief pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1]. On February 7, 2011, the court reviewed Eames's complaint, allowed Eames's claim challenging his conditions of confinement in "the BEACH" to proceed against defendants Butler and Scarantino, and denied several motions [D.E. 14]. On February 11, 2011, Eames filed an "emergency motion to correct obvious errors" [D.E. 15], and an interlocutory appeal to the Fourth Circuit Court of Appeals [D.E. 16], which the Fourth Circuit dismissed on May 4, 2011 for failure to prosecute [D.E. 29–30]. On April 27, 2011, Eames filed a "second combined motion for default judgment, summary judgment" [D.E. 25]. On April 29, 2011, the remaining defendants filed a motion to dismiss [D.E. 26]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Eames about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 28]. On May 6, 2011, Eames filed a response in opposition to the motion to dismiss [D.E. 31].

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50. Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

Defendants seek dismissal of Eames's remaining claim, which challenges his conditions of confinement, on the ground that Eames "appears only to allege that Butler did not adequately process his grievances" and "only makes conclusory and unsupported allegations that do not adequately connect Scarantino to Plaintiff's placement at 'the BEACH.'" Mem. Supp. Mot. Dismiss 3.[1]

"In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2)

---

[1] "The BEACH" is Eames's housing unit. Compl. 10.

2

deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted). The Supreme Court has explained that the first prong is objective, while the second prong is subjective. Wilson v. Seiter, 501 U.S. 294, 298 (1991). Therefore, a prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious'"and that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.'" Id. (second alteration in original) (quoting Wilson, 501 U.S. at 298). Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement. See Helling v. McKinney, 509 U.S. 25, 36 (1993); Hudson v. McMillian, 503 U.S. 1, 8–9 (1992).

Eames complains of several conditions of confinement at the BEACH, including "three vents blasting freezing air directly on . . . Eames[,] . . . overhead lights [that] burn 24 hours a day, 7 days a week, . . . the constant excessive noise level" from inmates arguing loudly, and "the fact that Eames resides mere inches from the toilets, where he has to endure not only the stench from the toilets, but also the second hand cigarette smoke." Compl. 10. Eames alleges that all these issues pose "a severe health risk to someone in Eames condition and . . . [he] can only sleep an hour or two a night." Id. Eames has also complained about the BEACH to defendant Butler "who will undertake no action of her own without checking with [defendant] Scarantino. The same Scarantino who has stated that Inmate Eames will remain on the BEACH until his death." Id. at 11.

The court must view the conditions of which Eames complains in their totality. See, e.g., Wilson, 501 U.S. at 304; Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991). Eames alleges that, due to extreme temperatures, constant illumination, constant levels of excessive noise, and unpleasant odors, he "can only sleep an hour or two a night." Compl. 10. "[S]leep undoubtedly counts as one of life's basic needs. Conditions designed to prevent sleep, then, might violate the

3

Eighth Amendment." Harper v. Showers, 174 F.3d 716, 720 (5th Cir. 1999). Accordingly, the court concludes that Eames has sufficiently alleged the serious deprivation of a basic human need.

As for the second component of an Eighth Amendment claim, Eames must show deliberate indifference on the part of Butler and Scarantino. Wilson, 501 U.S. at 303. "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. "[A]cting or failing to act with deliberate indifference to a substantial risk to a prisoner is the equivalent of recklessly disregarding that risk." Id. at 836. Eames has sufficiently alleged that Butler and Scarantino were aware of the conditions at the BEACH and failed to act on his complaints. Thus, Eames has adequately alleged that Butler and Scarantino were deliberately indifferent to the conditions of confinement at the BEACH.

Next, the court addresses Eames's "emergency motion to correct obvious errors" [D.E. 15]. Eames objects to the statement in the court's February 7, 2011 order that he "did not supply the copies of the complaint as per Magistrate Judge William A. Webb's July 30, 2010 order." Mot. Correct 1. Eames objected to providing the copies and, on August 4, 2010, filed a motion seeking to avoid providing the copies [D.E. 9]. However, on August 12, 2010, Eames provided copies of his complaint as directed by Magistrate Judge Webb. See Mot. Correct, Ex. 1. Moreover, the United States Marshal Service has effected service on the remaining defendants [D.E. 21–23]. Accordingly, the court denies Eames's motion as moot.

Finally, the court addresses Eames's "second combined motion for default judgment, summary judgment" [D.E. 25]. As with Eames's previous "combined motion for default judgment

4

[and] summary judgment" [D.E. 13], the motion is premature. Federal Rule of Civil Procedure 55 provides that an entry of default shall be made when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" as provided by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). In this case, defendants were served on February 28, 2011 [D.E. 22], and their answer was due on April 29, 2011. Fed. R. Civ. P. 12(a)(2) & (3). On April 29, 2011, defendants filed a motion to dismiss [D.E. 26]. A defendant may file a motion to dismiss asserting the defense of failure to state a claim in lieu of answering the complaint. See, e.g., Fed. R. Civ. P. 12(b); Hudson v. North Carolina, 158 F.R.D. 78, 80 (E.D.N.C. 1994). Thus, the court denies the motion.

In sum, the court DENIES AS MOOT plaintiff's "emergency motion to correct obvious errors" [D.E. 15], and DENIES plaintiff's "second combined motion for default judgment, summary judgment" [D.E. 25]. The court DENIES defendants' motion to dismiss [D.E. 26]. The Clerk of Court is DIRECTED to maintain management of this action.

SO ORDERED. This 6 day of June 2011.

JAMES C. DEVER III
United States District Judge