IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3136-D

| | |
|---|---|
| LARRY RAY EAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| TRACY JOHNS et al., | ) |
| | ) |
| Defendants. | ) |

On July 26, 2010, Larry Ray Eames ("Eames" or "plaintiff"), a former federal inmate,[1] filed this action pro se, seeking relief pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Compl. [D.E. 1]. On February 7, 2011, the court reviewed Eames's complaint, allowed Eames's claim challenging his conditions of confinement in "the BEACH"[2] to proceed against defendants Sandra Butler and Anthony Scarantino, and denied several motions [D.E. 14]. On June 7, 2011, the court denied several motions, including defendants' motion to dismiss [D.E. 32]. On July 21, 2011, Eames filed a motion for appointment of counsel. Mot. Appt. Counsel [D.E. 34]. On August 1, 2011, the remaining defendants filed a motion for summary judgment, which included affidavits from each defendant and other materials [D.E. 35]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Eames about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 37]. On August 5 and 8, 2011, Eames filed responses in opposition to the

---

[1] On October 17, 2011, Eames notified the court that he had been released from incarceration. See [D.E. 40].

[2] "The BEACH" was Eames's housing unit from February 24, 2010 to August 25, 2010. See Scarantino Aff. [D.E. 36-1] ¶¶ 7, 13; cf. Compl. 10.

motion for summary judgment, including his own affidavit [D.E. 38, 39]. As explained below, the court grants defendants' motion for summary judgment.

I.

Initially, the court addresses Eames's motion for appointment of counsel. Eames seeks the appointment of the attorney who "was appointed to plaintiff's Writ of Habeas Corpus case . . . number 5:09-HC-2141-BO," in order to reach a settlement and for "the evidentiary hearing the Court is about to schedule . . . ." Mot. Appt. Counsel 1.

No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296 (1989); see also Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case, and Eames's abilities do not present exceptional circumstances. Moreover, the court concludes that an evidentiary hearing is unnecessary. Accordingly, the court denies Eames's motion to appoint counsel [D.E. 34].

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment initially must demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted).

2

In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position" is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252.

"In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted). The Supreme Court has explained that the first prong is objective, while the second prong is subjective. Wilson v. Seiter, 501 U.S. 294, 298 (1991). Therefore, a prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious'" and that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.'" Id. (emphasis removed) (second alteration in original) (quoting Wilson, 501 U.S. at 298). Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement. See Helling v. McKinney, 509 U.S. 25, 36 (1993); Hudson v. McMillian, 503 U.S. 1, 8–9 (1992). Moreover, the court must view the conditions of which Eames complains in their totality. See, e.g., Wilson, 501 U.S. at 304; Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991).

As for the second component of an Eighth Amendment claim, Eames must show deliberate indifference on the part of Butler and Scarantino. Wilson, 501 U.S. at 303. "[D]eliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will

3

result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. "[A]cting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." Id. at 836.

As for the first component of Eames's claim—whether he suffered a sufficiently serious deprivation of a basic human need—Eames alleges excessive temperature, excessive noise, odor, and second-hand smoke. See Compl. 10–11. The court need not, however, address these issues if Eames has failed to raise a genuine issue of material fact about the second issue—whether Butler and Scarantino were deliberately indifferent.

As for whether defendants were deliberately indifferent to Eames's complaints, defendant Butler has provided uncontroverted evidence that she was not employed at Butner in February 2010, when Eames was assigned to the BEACH, and was not involved in the decision to assign him to the BEACH. Butler Aff. [D.E. 36-2] ¶¶ 1, 4. She received a grievance from Eames concerning his housing conditions on August 1, 2010, and on August 25, 2010 "decided to assign him to another cube further back in the unit." Id. ¶ 6. Thus, Butler has shown that she was not deliberately indifferent to Eames's complaints and is entitled to summary judgment.

Defendant Scarantino asserts that, along with a case manager and unit counselor who together served as Eames's unit team, he assigned Eames to the BEACH pursuant to BOP regulations that require inmates who refuse to participate in the Inmate Financial Responsibility Program ("IFRP")[3]

---

[3] Eames asserts that he "proved with a [c]ourt [o]rder . . . that my IFRP was being PAID to the Financial Litigation Unit and also was being challenged on a 41(g) motion in the Appeals Court in San Francisco." Second Resp. Opp'n Mot. Summ. J. [D.E. 39] 2. Whether defendants correctly determined Eames's IFRP status is outside the scope of the claim before the court. Moreover,

4

"to be quartered in the lowest housing status," Scarantino Aff. ¶ 7, and removed him from the BEACH within thirty days of the filing of his third grievance. See Scarantino Aff. ¶ 13; see also Mem. Supp. Mot. Summ. J. 6–7 & n.2. Eames asserts that Scarantino assigned him to the BEACH because he filed (and was granted)[4] a writ of habeas corpus concerning his criminal conviction and sentence, and because he filed a grievance against another staff member complaining of a search of his cube. Second Resp. Opp'n Mot. Summ. J. 2. Thus, Eames offers nothing more than his own speculations concerning Scarantino's motivations for assigning him to the BEACH. To the extent that Scarantino "specifically den[ies]" that he told Eames he would remain on the BEACH until his death, Scarantino Aff. ¶ 12, which Eames asserts is a "[l]ie—and he thought this way funny," Second Resp. Opp'n Mot. Summ. J. 3, an isolated comment does not demonstrate deliberate indifference. See, e.g., Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Thus, the court concludes that Scarantino is entitled to summary judgment.

II.

As explained above, the court DENIES plaintiff's motion for appointment of counsel [D.E. 34] and GRANTS defendants' motion for summary judgment [D.E. 35]. The Clerk of Court shall close the case.

---

"[a]lthough an inmate may elect to make payments directly to the sentencing court, rather than through the IFRP, this avenue of payment is not considered participation in the IFRP." Webb v. Hammidullah, No. 5:06CV96, 2007 WL 2138752, at *3 (N.D. W. Va. July 23, 2007) (unpublished).

[4] Eames did not obtain relief on his writ of habeas corpus until July 25, 2011, when the district court granted the respondent's motion to vacate twelve counts of Eames's conviction. See Eames v. Johns, No. 5:09-HC-2141-BO, [D.E. 35] (E.D.N.C. July 25, 2011) (unpublished).

5

SO ORDERED. This 20 day of January 2012.

JAMES C. DEVER III
Chief United States District Judge